# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MIGUEL JAVIER RAMIREZ     *

    Petitioner     *

          v     *     Civil Action No. DKC-10-211
                                         (Related Crim. Case: DKC-07-268)

UNITED STATES OF AMERICA     *

    Respondent     *
                                                ***

## **MEMORANDUM OPINION**

Pending is Respondent's Answer to the Motion to Vacate which alleges the motion is untimely. Paper No. 35. Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the

instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Petitioner is therefore on notice that his Motion to Vacate will be dismissed as untimely unless he provides this Court with information that establishes he is either entitled to the benefit of the exceptions provided in 28 U.S.C. §2255, or he is entitled to an equitable tolling of the statute of limitations. Petitioner will be provided with 30 days to furnish this information to the Court. Should he fail to do so, his Motion will be dismissed without further notice.

A separate Order follows.


Date: April 27, 2010              _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge

2