## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MIGUEL JAVIER RAMIREZ | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-211 (Related Crim. Case: DKC-07-268) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

### MEMORANDUM OPINION

Pending is Petitioner's Motion in Support of Equitable Tolling, filed in response to this court's Memorandum Opinion and Order advising that the pending Motion to Vacate will be dismissed as untimely unless Petitioner provides information establishing he is entitled to the benefit of the exceptions provided in 28 U.S.C. §2255 or is otherwise entitled to an equitable tolling of the statute of limitations.

On June 20, 2007, Petitioner was charged with one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), and one count of harboring an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Paper No. 1. In a written plea agreement dated February 22, 2008, signed by Petitioner and his counsel on March 10, 2008, Petitioner agreed to plead guilty to a superseding information[1] charging him with one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), during the period from August 2005 through June 2006. Paper No. 26.

The court accepted Petitioner's guilty plea on March 10, 2008. Paper No. 25. As admitted in the statement of facts contained in his plea agreement, Petitioner employed a 14-year-old victim as a prostitute from August 2005 through June 2006, typically sending her to 25 or more clients per day and instructing her to lie about her age to clients. Paper No. 26 at 9. The

---

[1] The superseding information was filed on February 27, 2008. Paper No. 23.

victim, a Mexican national, was dependent on Petitioner for housing, food, clothing, and other incidentals. *Id.* Petitioner also had a sexual relationship with the victim. *Id.* On June 23, 2008, he was sentenced to 87 months imprisonment, to be followed by a term of 5 years of supervised release.  Paper No. 29.  Petitioner did not appeal his conviction or sentence; thus, the conviction became final July 23, 2008, when the time for filing an appeal expired.  The Motion to Vacate was filed January 27, 2010.

The limitations period for filing the Motion to Vacate expired July 23, 2009, one year after Petitioner's conviction became final.  Petitioner asserts in his Motion in Support of Equitable Tolling that he "was under the impression" that his attorney was pursuing his appeal.[2]  Paper No. 38.  He further claims he contacted the court on September 8, 2009, seeking copies of the docket sheet and the plea agreement after he found out his appellate rights had not been preserved.  *Id*.  The record reflects that a copy of the docket sheet was mailed to Petitioner on September 11, 2009, in response to his correspondence requesting same.  Paper No. 30. Petitioner filed a Motion Requesting Copies of Plea Agreement and Sentencing Transcripts on October 1, 2009.  Paper No. 31.  That motion was denied on October 5, 2009, because there was nothing pending in the case warranting the request for the plea agreement and sentencing transcripts without costs.  Paper No. 32.

As previously explained by this court, to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay.  *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  "[A]ny resort to equity must be reserved for

---

[2] Petitioner does not allege he asked his attorney to file an appeal, nor does he state what appellate issues he wished to raise.

those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's error caused the delay in filing, that is insufficient for equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling). To the extent Petititioner is claiming he was not aware of his right to file a motion to vacate or was operating under the misconception that an appeal was pending, his mistaken beliefs are not circumstances beyond his control. *See United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the court will dismiss the motion as untimely in a separate Order which follows.

Date:  June 17, 2010                           _____/s/_____
                                               DEBORAH K. CHASANOW
                                               United States District Judge